UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-267-D

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE LANDA-ORTIZ | MOTION IN LIMINE<br>AND MEMORANDUM OF LAW |

The Defendant, JOSE LANDA-ORTIZ, by and through his undersigned counsel, hereby respectfully submits a request to limit any evidence of a January 10, 2010 incident involving the Defendant at Federal Correctional Institution – II at Butner, NC or in the alternative, for the Court to issue a preliminary order, prior to jury selection, that the government may not mention this evidence in it's opening statement.

## **BACKGROUND**

1. On August 4, 2010 Defendant was indicted for knowingly possessing a prohibited object to wit, a (four inch) shank, while being an inmate of the Federal Correctional Institution-II Butner, North Carolina on the on February 21, 2010.

2. The undersigned attorney filed her Notice of Appearance and Request for Discovery on September 30, 2010.

3. The government responded to the Request for Discovery filed on September 30, 2010 and provided partial discovery shortly thereafter.

1

4. On Friday, January 7, 2011, Defendant, thru counsel, received additional discovery regarding a physical altercation between Defendant and a second inmate, Rigoberto Arreola-Cebreros. The altercation occurred on January 10, 2010 at approximately 3:30PM in the dining room. Landa-Ortiz sustained a small laceration on his right hand fingers and a small hematoma on the right side of his forehead. No other injuries were noted. No resulting criminal charges were filed against either inmate. It appears from the discovery provided by the government; both inmates were separated and placed in cells separate and apart from each other.

5. The subject of the instant indictment is that on or about the 21st day of February, 2010 the defendant was alleged to have knowingly possessed a weapon while being an inmate of the Federal Correctional Institution –II, Butner, NC (FCI-II, Butner). The indictment is based upon a random search of Defendant's person in which he was found to possess a four inch "shank" rolled in a kitchen apron. Defendant was immediately questioned and provided a statement to authorities in which he implicated a second inmate, Hernandez, and denied he knowingly possessed the "shank".

6. It is the supposition of the defense that the government provided the investigative reports of the January 10, 2010 incident because it intends to introduce evidence of the altercation in its case and chief.

ARGUMENT

The admissibility of evidence of prior bad acts hinges on the interplay between Rules 401, 403 and 404(b) of the Federal Rules of Evidence. Any evidence that tends to make the

2

existence of a fact or consequence to an issue in the case "more probable or less probable" than without the evidence is relevant and is therefore admissible. Fed R. Evid. 401, 402. Relevant evidence may be excluded, however if its probative value is "substantially outweighed" by the potential for undue prejudice, confusion, delay or redundancy Fed R Evid. 403. *United States v. Lentz* 282 F. Supp 2d 399, 427 (E.D.Va. 2002).

Specifically, Rule 404(b) provides that evidence of prior crimes, wrongs or acts is admissible except when it is offered to prove "the character of a person in order to show action in conformity therewith." Fed R. Evid. 404(b). The Fourth Circuit interpreters the rule to be one of inclusion. In *United States v. Queen*, 132 F.3d 991 (4th Cir. 1997) the court outlined a four prong test to protect against the principal dangers Rule 404(b) is intended to address. *Id* at 995.

> Evidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense and must not be offered to establish the general character of the defendant. In this regard the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact finding process.

In the instant case the conduct forming the basis of the indictment occurred more than one month apart. There is no evidence the "shank" was going to be used by the Defendant for any reason. It is the Defendant's contention he did not *knowingly* possess the shank. At the time the shank was confiscated, Defendant was being subjected to a random search and was not a specific target of the prison officials. No discovery provided to the defense by the government has any inference that Defendant was intending any retaliation or in fear of any altercation.

3

Accordingly, all mention of the January 10, 2010 should be excluded under Federal Rules of Evidence 401, 403, and 404(b).

## CONCLUSION

Defendant respectfully requests on Order to limit any evidence of the January 10, 2010 incident involving the Defendant at Federal Correctional Institution – II at Butner, NC or in the alternative, for the Court to issue a preliminary order, prior to jury selection, that the government may not mention this evidence in its opening statement.

Respectfully submitted this the 12th day of January, 2011.

/s/ Leza Driscoll
Attorney for Defendant
CJA Appointed Counsel
5 West Hargett Street
Suite 807
Raleigh, NC 27601
(919) 833-4457 (Office)
(919) 833-4474 (Fax)
State Bar No.: 20926

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon the United State by CM/ECF or by delivering a copy of said document to:

Yvonne Watford-McKinney
Assistant United States Attorney
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601-1461

This the 12<u>th</u> day January, 2011.

/s/ Leza Driscoll
Attorney for Defendant
CJA Appointed Counsel
5 West Hargett Street
Suite 807
Raleigh, NC 27601
(919) 833-4457 (Office)
(919) 833-4474 (Fax)
State Bar No.: 20926