IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-267-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOSE LANDA-ORTIZ, | ) | |
| | ) | |
| Defendant. | ) | |

Jose Landa-Ortiz ("defendant" or "Landa-Ortiz") is an inmate at Federal Correctional Institution–II Butner, North Carolina ("FCI Butner"). On August 4, 2010, the grand jury charged Landa-Ortiz in a one count indictment with possession of a prohibited object, a shank, in violation of 18 U.S.C. § 1791(a)(2) [D.E. 1]. On January 5, 2011, Landa-Ortiz filed a motion to dismiss the indictment [D.E. 24], to which the government filed a response [D.E. 26], and Landa-Ortiz replied [D.E. 30]. On January 12, 2011, Landa-Ortiz filed a motion in limine [D.E. 28], to which the government filed a response [D.E. 29]. As explained below, both motions are denied.

I.

According to the indictment, Landa-Ortiz knowingly possessed the shank on February 21, 2010. Specifically, on February 21, 2010, after Landa-Ortiz left the dining hall where he worked, a correctional officer randomly searched him. Gov't Resp. Mot. Dismiss at 1. The correctional officer discovered a four-inch metal shank rolled up in a clear apron that Landa-Ortiz had been holding in his hand. Id. 1–2. Landa-Ortiz denied having any knowledge of the shank and told the officer that another inmate, Hernandez-Caudillo, had given him the apron and told him to take it to his unit. Id. at 2. Hernandez-Caudillo, who had been working in the kitchen, denied giving Landa-

Ortiz the shank. Id. Moreover, the dining hall and kitchen are separated by a locked steel door. Id. at 1. Hernandez-Caudillo said that during his entire shift he remained in the kitchen and never went into the dining hall. Id. at 1–2. Hernandez-Caudillo said that he was never issued an apron and, although he had seen Landa-Ortiz that day on the compound, he did not speak to Landa-Ortiz. Id. Cook Supervisor Brinkley, who also worked in the kitchen, stated that he never saw Landa-Ortiz interact with Hernandez-Caudillo. Def.'s Mot. Dismiss, Ex. II (Brinkley Memorandum). Ultimately, prison officials concluded that Hernandez-Caudillo was not involved in the offense. Gov't Resp. Mot. Dismiss at 2.

FCI Butner uses a video surveillance system to monitor areas of the prison, including the kitchen and dining hall. Id. at 3. When an incident occurs, prison officials can download images from the surveillance system to review the video footage. Id. If the video is not downloaded, the computer system automatically deletes the recorded information every seven to ten days. Id. Once the recorded information is deleted, it cannot be retrieved. Id. Prison officials never downloaded the surveillance video of the kitchen or dining hall from February 21, 2010. Accordingly, it was automatically deleted after seven to ten days. Id. at 3–4.

No evidence indicates what, if anything, the surveillance video would have captured. In April 2010, two months after the incident, Butner officials referred Landa-Ortiz's case to the United States Attorney's Office for possible criminal prosecution. Id. On August 4, 2010, the grand jury indicted Landa-Ortiz [D.E. 1].

II.

Landa-Ortiz filed a motion to dismiss the indictment, alleging that the government's failure to preserve the video recordings violated his right to due process. See Brady v. Maryland, 373 U.S. 83 (1963). A Brady violation has three essential elements: (1) the evidence must be

2

favorable to the accused; (2) the evidence must have been suppressed by the government; and (3) the evidence must be material. See, e.g., Strickler v. Greene, 527 U.S. 263, 281–82 (1999); Monroe v. Angelone, 323 F.3d 286, 299 (4th Cir. 2003). To meet the constitutional standard of materiality, the exculpatory nature of the evidence must be apparent before the evidence is destroyed. See California v. Trombetta, 467 U.S. 479, 489 (1984). However, the failure to preserve evidence "of which no more can be said than that it could have been [examined], the results of which might have exonerated the defendant" does not violate due process. See Arizona v. Youngblood, 488 U.S. 51, 57–58 (1988). Therefore, "unless a criminal defendant can show bad faith on the part of the [government], failure to preserve potentially useful evidence does not constitute a denial of due process of law." Id. at 58; see Illinois v. Fisher, 540 U.S. 544, 547–48 (2004) (per curiam). Bad faith "must necessarily turn on the [government's] knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Youngblood, 488 U.S. at 56–57 n.*; Holdren v. Legursky, 16 F.3d 57, 60 (4th Cir. 1994). Mere negligence in failing to preserve potentially exculpatory evidence does not constitute bad faith. United States v. Matthews, 373 F. App'x 386, 390 (4th Cir. 2010) (per curiam) (unpublished); United States v. Houston, 548 F.3d 1151, 1155 (8th Cir. 2008); United States v. Bohl, 25 F.3d 904, 910 (10th Cir. 1994); see United States v. Varner, 261 F. App'x 510, 517–18 (4th Cir. 2008) (per curiam) (unpublished).

Here, no evidence suggests what, if anything, the surveillance video might have captured in the dining hall or kitchen on February 21, 2010. Moreover, no evidence suggests that prison officials reviewed the surveillance video before it was erased, much less that the footage contained exculpatory evidence that would have been apparent to them. Therefore, in order to prevail, Landa-Ortiz must show bad faith. See, e.g., Youngblood, 488 U.S. at 58.

No evidence suggests prison officials acted in bad faith. See id.; Varner, 261 F. App'x at

3

517–18. The prison officials had no notice that Landa-Ortiz viewed the video footage as potentially exculpatory. Moreover, no evidence suggests that the video footage was exculpatory. Furthermore, the video footage is not central to the case. Each side may call witnesses who interacted with Landa-Ortiz and Hernandez-Caudillo on February 21, 2010. Finally, at most, prison officials were negligent in failing to review and download the video footage before the surveillance system automatically deleted the information. See Matthews, 373 F. App'x at 391; Houston, 548 F.3d at 1155; see also United States v. Parker, 72 F.3d 1444, 1452 (10th Cir. 1995). Therefore, the destruction of this potentially useful evidence did not violate Landa-Ortiz's right to due process. Accordingly, the motion to dismiss [D.E. 24] is denied.

III.

On January 10, 2010, Landa-Ortiz was involved in a fight with another inmate, and the government wants to introduce this evidence under Rule 404(b) of the Federal Rules of Evidence. According to the government, Supervisor Brinkley broke up the fight. Gov't Resp. Mot. Limine at 1. As a result of the fight, Landa-Ortiz sustained lacerations on his right hand and a small hematoma on his forehead. Id. The next day, Landa-Ortiz was administratively disciplined and detained in a Special Housing Unit until February 4, 2010. Id. The government believes that evidence concerning the fight is probative of Landa-Ortiz's knowledge, motive, and intent in that Landa-Ortiz knowingly possessed the shank for protection or in order to retaliate. See id. Landa-Ortiz's motion in limine seeks to bar the government from introducing evidence concerning the fight under Federal Rule of Evidence 401, 403, and 404(b) [D.E. 28].

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive,

4

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." United States v. Siegel, 536 F.3d 306, 317–18 (4th Cir. 2009); Fed. R. Evid. 404(b). Rule 404(b) is a rule of inclusion rather than exclusion, and that evidence should be admitted so long as it is probative of some issue other than action in conformity with character. See, e.g., United States v. Lighty, 616 F.3d 321, 351–52 (4th Cir. 2010); United States v. Uzenski, 434 F.3d 690, 710 (4th Cir. 2006); United States v. Queen, 132 F.3d 991, 994–95 (4th Cir. 1997); United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995); United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991); United States v. Percy, 765 F.2d 1199, 1203 (4th Cir. 1985). The Fourth Circuit has promulgated a four-part test for district courts to use in determining whether to admit 404(b) evidence. See, e.g., Queen, 132 F.3d at 997. In particular,

> [E]vidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

Id.; see United States v. Johnson, 617 F.3d 286, 296–97 (4th Cir. 2010).

Evidence concerning the January 10, 2010 fight satisfies this four-part test. First, evidence of knowledge, motive, and intent evidence is relevant to an issue other than a defendant's character. See Siegel, 536 F.3d at 317–18. Second, the evidence is necessary because it is probative of Landa-Ortiz's intent to knowingly possess the shank and it provides context for the charged crime. See, e.g., United States v. Mohr, 318 F.3d 613, 618–19 (4th Cir. 2003) (evidence where defendant disputed intent); Queen, 132 F.3d at 998. Third, Landa-Ortiz does not dispute the

5

reliability of the evidence. Fourth, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. There is no risk that a jury will be "excited to irrational behavior" by the admission of this evidence. Siegel, 536 F.3d at 319–20. Moreover, a limiting instruction will remedy any prejudice from the evidence. See Queen, 132 F.3d at 997; Powers, 59 F.3d at 1468. Accordingly, evidence concerning the January 10, 2010 fight is admissible under Rule 404(b). Therefore, Landa-Ortiz's motion in limine [D.E. 28] is denied.

IV.

In sum, the court DENIES Landa-Ortiz's motion to dismiss [D.E. 24] and motion in limine [D.E. 28].

SO ORDERED. This  20  day of January 2011.

JAMES C. DEVER III
United States District Judge